UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                     :
WELTON K. WISHAM,                  :
                    Plaintiff,  :
                           :    08 Civ. 8926 (DLC)
      -v-                    :
                           :    <u>OPINION & ORDER</u>
COMMISSIONER OF THE INTERNAL REVENUE :
SERVICE, CHAPTER 47, OF THE NATIONAL :
TREASURY EMPLOYEES UNION, (Chapt 47) :
THE NATIONAL TREASURY EMPLOYEES UNION, :
(NTEU), PHYLLIS B. NEWMAN, in her :
individual and official capacity, :
THERESE B. DORAN, in her individual and :
official capacity, CLIFF KAZAKAUSKAS, :
in his individual and official :
capacity, KATHY ROBINS, in her :
individual and official capacity, MARK :
WEINBERG, in his individual and :
official capacity, FRANK HEFFLER, in :
his individual and official capacity, :
MARTIN BIRNBAUM, in his individual and :
official capacity, BARRY SHOTT, in his :
individual and official capacity, :
COLLEEN KELLY in her individual and :
official capacity, and DEBRA NOLAN, in :
her individual and official capacity, :
                    Defendants.  :
                                :
----------------------------------------X

Appearances:

For Plaintiff <u>Pro Se</u>:
Welton K. Wisham
The Law Offices of Welton K. Wisham
24 Metropolitan Oval, Suite 7-C
Bronx, NY 10462

For Defendants National Treasury Employees Union (NTEU), NTEU
Chapter 47, Colleen Kelley, Frank Heffler, and Martin Berman:
L. Pat Wynns
Associate General Counsel for Appellate Litigation
Barbara Sheehy
Assistant Counsel

National Treasury Employees Union
1750 H Street, NW
Washington, DC 20006

David M. Slutsky
Levy, Ratner, P.C.
80 8th Avenue
New York, NY 10011-5126

For Defendants Commissioner of the Internal Revenue Service,
Phyllis B. Newman, Cliff Kazakauskas, Kathy Robbins, Mark
Weinberg, Therese Doran, Barry Shott, and Debra Nolan:
Tomoko Onozawa
Assistant United States Attorney, Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff Welton K. Wisham, proceeding pro se, has brought

suit against defendants National Treasury Employees Union

("NTEU"), NTEU Chapter 47, Colleen Kelley, Frank Heffler, Martin

Berman[1] (collectively, the "NTEU defendants"), the Commissioner

of the Internal Revenue Service ("IRS"), Phyllis B. Newman,

Cliff Kazakauskas, Kathy Robbins, Mark Weinberg, Therese Doran,

Barry Shott, and Debra Nolan (collectively, the "IRS

defendants").  Wisham alleges that the IRS defendants improperly

charged him with violation of the tax laws, and that the NTEU

defendants "failed to adequately represent" him during his

proceedings with the IRS.  Both the NTEU defendants and the IRS

---

[1] Berman is referred to in the complaint as "Martin Birnbaum."

defendants have moved to dismiss this action.[2]  For the following

reasons, the motions to dismiss (and the IRS's motion in the

alternative for summary judgment) are granted.


BACKGROUND

The following facts are taken from the complaint unless

otherwise noted.[3]  Wisham, who is African-American, was employed

by the IRS as a revenue agent from 1984 until his resignation in

February 2008.  He is also licensed to practice law in New York

and New Jersey.  During his employment, he was a member of the

NTEU.

In March 2007, IRS defendant Cliff Kazakauskas interviewed

Wisham regarding Wisham's failure to pay a ten percent penalty

for the 2002 and 2003 tax years for the early withdrawal from

his pension fund.  Martin Berman was present at this meeting as

Wisham's NTEU representative.  Wisham explained at the meeting

that he did not pay the 2002 penalty because he thought he had

more time, and that he paid the 2003 penalty late.  At this

meeting, Berman suggested to Wisham that he resign from the IRS.

---

[2] The IRS defendants also moved in the alternative for summary
judgment.

[3] In connection with their motion in the alternative for summary
judgment, the IRS defendants submitted a Rule 56.1 statement of
material facts.  They also sent Wisham a "Local Civil Rule 12.1
Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported
by Matters Outside the Pleadings."

Also in March 2007, Phyllis Newman, a Territory Manager with the IRS and Wisham's manager from 2005 to 2007, told Wisham that the IRS could take away his right to practice law. Newman also engaged in unspecified "acts of harassment" toward Wisham in 2007.

On May 19, 2007, Kazakauskas informed Wisham, in the presence of Berman, that Wisham had violated Section 1203(b)(9) of the Internal Revenue Service Restructuring and Reform Act of 1988 ("Section 1203"), and that the IRS had concluded that Wisham should be discharged from the IRS. On May 21, 2007, Newman confirmed in a written "notice of proposed adverse action" to Wisham that it was proposed that Wisham be removed from the IRS due to Wisham's having "willfully understated []his tax liability" and his "fail[ure] to timely pay" his federal income tax liability in connection with his early withdrawal from his pension. The notice also stated that "even if [Wisham] did not willfully understate the tax liability . . ., [he] failed to accurately state the tax liability . . . and/or ensure the accuracy of the return prior to filing."

In August 2007, Frank Heffler, the president of Chapter 47 of the NTEU, met with Wisham to discuss the IRS's allegations. Wisham alleges that Heffler "failed to adequately prepare himself and Martin [Berman]" in connection with his representation of Wisham. On August 1, 2007, a hearing was held

4

at the IRS office in New York, NY.  Heffler's presentation on
behalf of Wisham in response to the IRS's charges lasted
approximately five to ten minutes.  After the hearing, Heffler
told Wisham that he should seek assistance from his
congressional office and that the IRS could fire Wisham
immediately.  Heffler also told Wisham that NTEU would not
provide him with legal representation.

In October 2007, Wisham received a letter from Kathy
Robbins, an IRS employee in New York.  This letter was addressed
to the Hon. Joseph Crowley, United States House of
Representatives.  The letter stated that the IRS had issued a
proposal letter to remove Wisham for violating Section 1203, for
which the penalty was termination unless the Commissioner of the
IRS decided otherwise, and explained that the letter was part of
a formal process for resolving serious misconduct issues.  It
explained that once a final decision had been reached, Wisham
would receive a decision letter that would also explain any
appeal rights.  It further explained that if the Commissioner
decided not to mitigate the penalty, Wisham could appeal to the
Merit Systems Protection Board ("MSPB"), and if the decision was
a different disciplinary action, Wisham could file a grievance
or an appeal through the IRS discrimination complaint system.
Finally, the letter explained that for certain adverse actions,
Wisham could appeal either to the MSPB or through the IRS

discrimination complaint system.  The letter also stated that if Wisham did not understand his rights in this process, he could consult with the workforce relations consultant that had been identified in the proposal letter.  Wisham responded to this letter with a 129-page written reply that was sent to all defendants.  Wisham received no response to his submission.

Wisham thereafter had to retain private counsel to defend him against the IRS charges.  He alleges that he was "forced to submit his involuntary resignation to the IRS for the sole purpose of protecting [his] pension and benefits thereof."  As set forth in the IRS defendants' 56.1 statement, which Wisham has not disputed, at the time Wisham retired, the IRS had not yet issued a final decision regarding the charges in the May 21, 2007 notice letter, and Wisham has never filed a formal Equal Employment Office ("EEO") complaint with the IRS in connection with any matter.

Wisham states in his complaint that he did not intend willfully to understate his tax liability.  He also asserts that he did not substantially understate his tax liability.

Wisham's complaint pleads four causes of action.  The first is a violation of equal protection rights under the Fourteenth Amendment, claiming that "[d]efendants have employed a gross abuse of power, unfair procedures and gross disparate treatment in their treatment of [Wisham] due to [his] race as African-

Americans [sic]."  The complaint also alleges that defendants subjected him to intentional discrimination in violation of 42 U.S.C. § 1981 ("Section 1981").[4]

Wisham's second cause of action is styled as a cause of action for negligence.  He alleges that the individual defendants were negligently hired, trained, and retained.  He also claims that the NTEU defendants "failed to adequately represent [him] during the time of the . . . accusations and actions accusing [Wisham] of violating section 1203."  Wisham also alleges that the IRS defendants were grossly negligent in failing to inform themselves properly of "all sufficient data pertaining to section 1203."

Wisham's third cause of action is for defamation.  Wisham's fourth cause of action is against the Commissioner of the IRS for negligent failure to ensure proper training, supervision, or discipline of the IRS defendants.  Wisham seeks damages and a declaratory judgment.

---

[4] Section 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981.

DISCUSSION

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "[d]etermining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. Id. (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). In general, on a motion to dismiss, "the court must take all facts alleged in the complaint as true." Id. (citation omitted). A plaintiff must affirmatively demonstrate jurisdiction, however, and "that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citation omitted). A "dismissal for failure to exhaust is more properly considered as a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)," not dismissal for lack of

subject-matter jurisdiction.  McInerney v. Rensselaer Polytechnic Institute, 505 F.3d 135, 138 (2d Cir. 2007).


A.   The NTEU Defendants

Wisham's claim against the NTEU defendants is that they failed to represent him properly in connection with his IRS proceedings and resignation.  It is also possible to construe the first cause of action which is pled against "defendants" as claiming that the NTEU defendants discriminated against him on the basis of race in providing their representation.

Pursuant to Chapter 71 of the Civil Service Reform Act ("CSRA"), a union that is the exclusive representative of a bargaining unit of federal employees "is responsible for representing the interests of all employees in the unit it represents without discrimination."  5 U.S.C. § 7114(a)(1).  A breach of this duty constitutes an unfair labor practice.  See id. § 7116(b)(4) (an unfair labor practice includes a union "discriminat[ing] against an employee with regard to the terms or conditions of membership in the labor organization on the basis of race").  Under Chapter 71, the Federal Labor Relations Authority ("FLRA") has exclusive jurisdiction over a claim that a union breached its duty of fair representation.  See Karahakios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529 (1989); see also id. at 532 ("unfair labor

9

practice complaints are adjudicated by the FLRA").  A federal employee charging that its union violated its duty of fair representation does not have a private cause of action against the employee's union for a breach of the duty of fair representation, id. at 529, but must file a charge with the FLRA.  Id. at 532-33.

Wisham's allegations that the NTEU defendants were negligent, mishandled his representation in connection with the IRS proceedings, and discriminated against him on the basis of his race allege a breach of the union's duty of fair representation.  Cf. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 154 (1983) (suit for breach of duty of fair representation under the National Labor Relations Act ("NLRA") where union "mishandle[ed]" the employee's grievance and arbitration); Demchik v. General Motors Corp., 821 F.2d 102, 103 (2d Cir. 1987) (suit claiming denial of fair representation under NLRA where union representative "through gross negligence . . . failed to file a notice of appeal"); Johnson v. Principi, No. 03 C 1367, 2004 WL 2044258, at *7 (N.D. Ill. Sept. 3, 2004) ("allegations of discrimination in representation must be pursued according to CSRA standards, rather than under the more general Section 1981 statute"); see also Walton v. USDA, No. 4:02CV00163(AGF), 2005 WL 3416472, at *5 (E.D. Mo. Dec. 13, 2005) (same); Johnson v. Principi, No. 1:CV-00-1873, 2001 WL

1511294, at *1 (M.D. Pa. Sept. 17, 2001) (same).  As such, the
FLRA has exclusive jurisdiction over Wisham's breach of the duty
of fair representation claim and Wisham's action must be
dismissed as to the NTEU defendants for lack of jurisdiction.[5]

   Much of Wisham's opposition is focused on the underlying
Section 1203 tax offense that was the basis for the IRS charges
and his argument that he did not violate that section.  Wisham's
argument that the underlying tax statute is a federal statute
that therefore raises a federal question over which the Court
has jurisdiction is misplaced.  That Wisham was charged with an
alleged violation of the federal tax code does not change the
fact that his claims against the NTEU defendants in connection

_____

[5] Wisham's claims against the individual NTEU defendants must
also be dismissed because union officials cannot be held
personally liable in suits for the breach of the duty of fair
representation.  See, e.g., Morris v. Local 819, Int'l Bhd. of
Teamsters, 169 F.3d 782, 784 (2d Cir. 1999) (citing, inter alia,
Montplaisir v. Leighton, 875 F.2d 1, 4-5 (1st Cir. 1989), which
stated this principle in the context of government employees and
the CSRA).

   Wisham's first cause of action also references a violation
of his Fourteenth Amendment right to equal protection.  Even if
Wisham's discrimination claims were not precluded by the CSRA,
any claim against the NTEU defendants under the Fourteenth
Amendment would fail for failure to allege state action.  See
Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002)
(citing Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974),
for the principle that "private conduct is not subject to the
requirements of the Fourteenth Amendment, no matter how
discriminatory or wrongful").

   Wisham's claim that he can pursue a remedy against the NTEU
defendants under Bivens v. Six Unknown Named Agents, 403 U.S.
388 (1971), also fails, as the NTEU defendants are not federal
agents.

with their duty to represent him fairly are precluded by the CSRA from being asserted in this action.[6]

Wisham does argue that the CSRA does not preclude this action because his case is a "mixed case" in which a claim of discrimination is coupled with a non-discrimination claim.  The CSRA and implementing regulations provide that when a federal employer is going to take an adverse action against a federal employee, it must provide the employee with notice of the proposed action, a reasonable amount of time for the employee to respond, and a written decision by the agency with notice of the employee's appeal rights.  5 U.S.C. § 7513; 5 C.F.R. § 752.404. The employee may then appeal to the MSPB, and the MSPB's decision may be appealed to the Federal Circuit.  5 U.S.C. § 7513; id. § 7703.

There is an exception, however, where the employee who may appeal to the MSPB claims that the adverse action involves discrimination; the employee may appeal this "mixed case" to the MSPB as a "mixed case appeal," see 5 U.S.C. § 7702, or the employee may file a mixed case complaint with the federal agency's EEO.  Id.; 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.302;

---

[6] Wisham's reference to the Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction on this Court, see Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. 2006), nor does it alter the fact that the FLRA has exclusive jurisdiction over Wisham's claims against the NTEU defendants.

see also <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 53 (2d Cir. 2006).[7]
If the MSPB renders a decision on the mixed case appeal, the
employee may then petition the Equal Employment Opportunity
Commission ("EEOC") to consider the decision.  5 U.S.C. §
7702(b); 5 C.F.R. § 1201.157.  Eventually, an action may be
filed in federal district court within a certain time after the
agency's EEO office, the EEOC, and/or the MSPB have either
rendered a decision or failed to do so.  5 U.S.C. § 7702; <u>id.</u>
§ 7703; 29 C.F.R. § 1614.310.

    This mixed case exception does not provide this Court with
jurisdiction over Wisham's claims against the NTEU defendants.
For one, the NTEU defendants are not a federal employer who took
an adverse action against Wisham to which the above procedures
would apply.  In addition, Wisham has not alleged that there has
been any decision by the MSPB, EEOC, or the IRS's EEO which
could form the underlying basis for a "mixed case" claim to be
heard in the district court.  Rather, it is undisputed that
Wisham resigned before a final decision was rendered by the IRS
which could have been appealed to the MSPB, and that he has not
filed any claim with the IRS's EEO.[8]

---

[7] The employee may file a mixed case complaint with the agency's
EEO or a mixed case appeal to the MSPB, but cannot do both.  <u>See</u>
29 C.F.R. § 1614.302(b); <u>Economou v. Caldera</u>, 286 F.3d 144, 149
(2d Cir. 2002).

[8] Wisham's request for "limited discovery to resolve
jurisdictional facts" is also denied.  Wisham has not suggested,

B.   The IRS Defendants

    1.   Wisham's Claim of Discrimination

    Wisham's claims against the IRS defendants are for racial discrimination in connection with the IRS's allegations that he violated the tax laws (pled as violations of Section 1981 and the Fourteenth Amendment), negligence, defamation, and negligent training and retention.  As for Wisham's claim of racial discrimination in connection with his IRS employment, Title VII, 42 U.S.C. § 2000e et seq., and the CSRA provide his exclusive remedies.  Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."  Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976); see also Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996).  In addition, the CSRA, which was passed after the Supreme Court decided Brown, provides a remedy for a federal employee alleging discrimination in employment.  See, e.g., Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 773-74 (9th Cir. 1991).  Thus, to the extent Wisham seeks to bring claims for employment discrimination under statutes other than Title VII or the CSRA, those claims are dismissed.[9]

---

and this Court cannot envision, any facts that could be uncovered in limited jurisdictional discovery which could alter the status of this Court's jurisdiction over Wisham's claims against the NTEU defendants.

[9] Wisham's claim under Section 1981 (and to the extent he is making a claim under 42 U.S.C. § 1983) also must be dismissed

To the extent that Wisham seeks to bring his discrimination claims under Title VII or the CSRA (which he has not pled), Wisham has failed to exhaust his administrative remedies. "Prior to bringing suit under Title VII, a federal government employee must timely exhaust the administrative remedies at his disposal." Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir. 2008) (citation omitted).

> Regulations promulgated by the Equal Employment
> Opportunity Commission ("EEOC") establish the
> applicable administrative procedures that a federal
> employee must exhaust prior to filing suit.  The
> EEOC regulations require that the aggrieved
> employee, inter alia, (1) consult with a counselor
> at the relevant agency's Equal Employment Office
> ("EEO") within 45 days of the alleged discriminatory
> act, and, if the matter is not resolved after a
> mandatory counseling period, (2) file a formal
> written administrative complaint ("EEO complaint")
> within 15 days of receipt of the EEO counselor's
> notice of final interview and right to file a formal
> complaint ("EEO notice").  The employee may then
> file a civil action (i) within 90 days of notice of
> a final agency decision on his or her EEO complaint,
> or (ii) after 180 days from the filing of the EEO
> complaint if the agency has not yet rendered a
> decision.

---

for additional reasons, including that those statutes only apply by their terms to actions taken under the color of state law, and the IRS defendants are federal officials.  See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005).  Wisham also cannot avoid the Title VII administrative scheme by reference to 42 U.S.C. § 1985.  See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 375-76, 378 (1979).

Id. at 74-75 (citation omitted).  "[E]xhaustion of administrative remedies . . . stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply."  Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted). Here it is undisputed that Wisham has not filed any complaint with the EEO, and thus any claim under Title VII must be dismissed for failure to exhaust administrative remedies.

As described more fully above, the CSRA also sets forth steps that a federal employee challenging an adverse action must take, including steps to take where the employee alleges that the action was tainted by unlawful discrimination.  Exhaustion of this scheme is also required for such a claim.  See Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) ("The exhaustion doctrine is equally applicable to suits filed under Title VII through the provisions of the CSRA."); see also Fernandez, 471 F.3d at 54.  Again, as discussed above, it is undisputed that Wisham has not appealed any decision to the MSPB (it is undisputed that he did not receive a final agency decision to appeal due to his resignation), nor has he filed any complaint with the EEO or EEOC, and thus Wisham has not exhausted the administrative remedies provided for in the CSRA.

Finally, while administrative exhaustion is subject to the doctrines of waiver, estoppel, and equitable tolling, see Zipes

v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982),
Wisham's assertion in his opposition to the NTEU defendants'
motion that his use of administrative remedies would have been
futile because the "IRS [and] NTEU defendants knew each other"
does not suffice to cast any doubt on the effectiveness or
availability of the Title VII and CSRA administrative remedies
for adjudicating Wisham's claims.  Cf. Fernandez, 471 F.3d at
59.

Wisham also cannot assert a violation of due process
against the IRS defendants in their individual capacities
pursuant to Bivens.  See Dotson v. Griesa, 398 F.3d 156, 168 (2d
Cir. 2005) ("the remedial scheme established by the CSRA
precludes federal civil service employees from challenging
adverse employment decisions through Bivens actions for money
damages").  The cases Wisham cites that upheld Bivens actions
are inapposite.


   2.  Wisham's Tort Claims

Wisham's other claims against the IRS defendants are for
the torts of negligence, defamation, and negligent hiring,
retention, and supervision.  "Under traditional principles of
sovereign immunity, the United States is immune from suit except
to the extent the government has waived its immunity."
Coulthurst v. United States, 214 F.3d 106, 108 (2d Cir. 2000).

Congress passed the Federal Tort Claims Act ("FTCA"), which "provides that a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Rivera v. United States, 928 F.2d 592, 608 (2d Cir. 1991) (quoting 28 U.S.C. § 2679(b)(1)). Thus, federal employees "are immune from suit on . . . claims of common-law tort"; the FTCA "makes suit against the United States the exclusive remedy." Id. at 609. As the complaint alleges that the IRS defendants acted towards Wisham in the scope of their employment with the IRS, the IRS defendants are immune from suit on the common law torts Wisham asserts, and his second, third, and fourth causes of action against the IRS defendants must be dismissed.

Finally, even if Wisham's complaint could be construed as asserting a claim under the FTCA, it would have to be dismissed for failure to exhaust administrative remedies. Under 28 U.S.C. § 2675(a)

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his

    claim shall have been finally denied by the agency
    in writing and sent by certified or registered mail.

Thus, "[t]he FTCA bars claimants from bringing suit in federal

court until they have exhausted their administrative remedies."

McNeil v. United States, 508 U.S. 106, 113 (1993).  As Wisham

has not disputed that he has failed to file an administrative

complaint to the IRS asserting his claims, his claims must be

dismissed.[10]


CONCLUSION

    The NTEU defendants' March 16, 2009 motion to dismiss and

the IRS defendants' April 17, 2009 motion to dismiss (or in the

alternative for summary judgment) are granted.  The Clerk of

Court shall close the case.


    SO ORDERED:

Dated:   New York, New York
         August 19, 2009

                                    _____
                                    DENISE COTE
                                    United States District Judge


---

[10] Wisham's request for "limited discovery to resolve
jurisdiction facts" is also denied.  Wisham's request seeks
discovery regarding issues related to the underlying tax
violations that led to his proposed removal, not for any facts
related to any jurisdictional issues raised by the defendants.

19

COPIES SENT TO:


Welton K. Wisham
Law Office of Welton K. Wisham
24 Metropolitan Oval, Suite 7C
Bronx, NY 10462


Pat Wynns
Barbara Sheehy
National Treasury Employees Union
1750 H Street, NW
Washington, DC 20006

David Slutsky
Levy Ratner P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011-5126


Tomoko Onozawa
Assistant U.S. Attorney
U.S. Attorney's Office - Civil
Division
86 Chambers Street, Third Floor
New York, NY 10007